In the Matter of the **REINSTATEMENT OF Robert M. CANTRELL to Membership in the Oklahoma Bar Association and to the Roll of Attorney.**

**SCDB No. 3579.**

Supreme Court of Oklahoma.

Dec. 26, 1989.

As Corrected Dec. 28, 1989.

---

26. For the distinction between indemnity from loss and that against liability, see *supra* note 12.

Miles C. Zimmerman, Meeker, for applicant.

Dan Murdock, Gen. Counsel, Okl. Bar Ass'n, Oklahoma City, for complainant.

LAVENDER, Justice:

On February 26, 1987, Robert M. Cantrell was disbarred and his name stricken from the Roll of Attorneys of the Oklahoma Bar Association for the crime of attempted perjury by subornation. Disbarment was effective from October 30, 1982, the time of his original suspension. For this crime, he was given a two and a half-year suspended sentence. *See State of Oklahoma, ex rel. Oklahoma Bar Association v. Cantrell,* 734 P.2d 1292 (Okl.1987). The conviction was affirmed on appeal by the Court of Criminal Appeals. Two years later, on April 18, 1989, Cantrell received a full, complete and unconditional pardon from the Governor of Oklahoma. Applicant, Cantrell, now requests reinstatement in the Oklahoma Bar Association pursuant to Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch.1, App. 1–A. We find that Applicant has met the requirements for reinstatement.

Rule 11.4 requires:

An applicant for reinstatement must establish affirmatively that, if readmitted, ... the applicant's conduct will conform to the high standards required of a member of the Bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement.... The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant. Feelings of sympathy toward the applicant must be disregarded.

Moreover, case law holds that reinstatement will not automatically be granted on evidence that Applicant has engaged in only proper conduct, even where no contrary evidence is presented. *In re Sharpe,* 499 P.2d 406, 409 (Okla.1972). The process shall be a difficult one and the burden of proof shall rest with the Applicant throughout the proceedings. *Id.* Applicant must demonstrate that he has been rehabilitated. *State of Oklahoma ex rel. Oklahoma Bar Association v. Ollie W. Gresham,* 599 P.2d 401 (Okla.1979). To this end, the evidence must support a finding that the Applicant would not commit any serious crime if readmitted. Foremost consideration must be given to protecting the public welfare. Finally, there must be a determination that reinstatement would not adversely effect the Bar.

On June 13, 1989, the Professional Responsibility Tribunal met in regard to Applicant's petition and determined that sufficient evidence was presented to meet the

specific findings required under Rule 11:5: (A) The Applicant at this time possesses good moral character; (B) The Applicant has not engaged in the unauthorized practice of law during the period of disbarment; and (C) The Applicant has retained his competency in the law.

The following evidence was presented by Applicant to support this finding of rehabilitation and fitness for reinstatement. During his disbarment, Applicant engaged in several types of employment and as well as, suffered from periods of unemployment. From 1986 to the present, Applicant has been employed by a law firm doing legal research and investigations. Both the supervising attorney and other associates at the firm spoke highly of Applicant's legal ability and trustfulness.

Several witnesses testified to the changes that have taken place in Applicant's personal and professional life. Applicant has remarried and has two adopted daughters. He has gone from "living in the fast lane" as a successful attorney, to one who has known sacrifice and hardship. Applicant testified that he believes himself to be in a unique position to contribute to society and the Bar Association as a result of his own experience. Applicant presented evidence that he has not engaged in the practice of law during his disbarment and that he has completed 44 hours of C.L.E. courses.

However, Complainant, the Oklahoma Bar Association, points out that in considering a petition for reinstatement, Rule 11.4 requires that, "The severity of the original offense and the circumstances surrounding it shall be considered...." Complainant would have this court adopt the rule that a disbarred attorney, guilty of a particularly egregious offense against the legal profession, would be forever barred as incapable of any meaningful rehabilitation. We categorically reject this argument.

> Such a harsh, unforgiving position is foreign to our system of reasonable, merciful justice. It denies any potentiality for reform of character. A fundamental precept of our system ... is that men can be rehabilitated. "Rehabilitation ... is a 'state of mind' and the law looks with favor upon rewarding with the opportunity to serve, one who has achieved 'reformation and regeneration.'" Time and experience may mend flaws of character which allowed the immature man to err. The chastening effect of a severe sanction such as disbarment may redirect the energies and reform the values of even the mature miscreant. There is always the potentiality for reform, and fundamental fairness demands that the disbarred attorney have opportunity to adduce proofs.

*In the Matter of Alger Hiss,* 368 Mass. 447, 333 N.E.2d 429 (1975) (citations omitted).

We find this language persuasive. As already stated, reinstatement is not automatic. Certainly, the more severe the offense, the heavier burden the Applicant must overcome. However, our rules speak of *when* an attorney *may* apply for reinstatement, not *if* he can at all. Each case for reinstatement must be reviewed on its own merits. Each case will fail or succeed on the evidence presented and the circumstances peculiar to that particular case.

Turning once more to the present case, the Complainant presented no contrary evidence at the hearing as to Applicant's fitness for reinstatement. The record reflects that Applicant's prior and present record from the date of disbarment is without material incident. Complainant rested its case for denying reinstatement based on the serious nature of Applicant's offense. This court would certainly agree that attempted perjury by subornation strikes at the heart of our legal system. However, we will not subscribe to the idea that based on the severity of the crime and his past unfitness to practice law, Applicant is precluded from ever proving a state of successful rehabilitation.

Moreover, in this case our own precedent would not sustain an automatic denial of reinstatement based on attempted perjury, because we have previously reinstated an attorney found guilty of perjury. Analogous to the present case, is that of *State of Oklahoma ex rel. Oklahoma Bar Association v. Ollie Gresham,* 556 P.2d 264 (Okla.

1976). There an attorney was found guilty of knowingly making a false material declaration while under oath before a grand jury. This court's response was to suspend him from the practice of law for four years effective July 4, 1975, the date of his original suspension. The applicant was reinstated November 9, 1979. *See State of Oklahoma ex rel. Oklahoma Bar Association v. Ollie W. Gresham,* 599 P.2d 401 (Okla.1979).

Applicant has proven himself rehabilitated according to the rules of this court. Therefore, Applicant is hereby reinstated to the practice of law in the State of Oklahoma.

DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

OPALA, V.C.J., with whom HODGES, J., joins, concurring by reason of stare decisis. See *State ex rel. Oklahoma Bar Association v. Cantrell,* Okl., 734 P.2d 1292, 1293 [1987] (Opala, V.C.J., concurring in disbarment and dissenting from its retroactive effect).

HARGRAVE, C.J., and SIMMS and SUMMERS, JJ., dissent.