In the Matter of the REINSTATEMENT OF Thomas G. HANLON to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.

SCBD No. 3811.

Supreme Court of Oklahoma.

Dec. 7, 1993.

Thomas D. Frasier, Tulsa, for petitioner.

Dan Murdock, Oklahoma Bar Ass'n, Oklahoma City, for Oklahoma Bar Ass'n.

HARGRAVE, Justice.

Thomas G. Hanlon has petitioned for reinstatement following his disbarment in 1983. Petitioner was admitted to the Oklahoma Bar Association in June, 1953. On February 17, 1982, petitioner was suspended from the practice of law, and on the 12th day of September, 1983, was disbarred and stricken from the roll of attorneys as a result of a conviction in the United States District Court for the District of Utah, Central Division, Cause No. CR 81–37A, for violation of 21 U.S.C. §§ 846, 841(a)(1); 18 U.S.C. §§ 2 and 1952(a)(3) for the offenses of possession and

conspiracy to possess a controlled substance, aiding and abetting and interstate travel to carry on illegal activity. Petitioner was formally sentenced to a five-year term. Credit was given for 179 days served and a probation period of four years was imposed by the Court. Petitioner was discharged from confinement on April 4, 1982, and in January, 1986, was discharged from his sentence by the U.S. District Court, Central Division, District of Utah.

Petitioner states that he is a recovered alcoholic and is maintaining active participation in the Alcoholics Anonymous program. Petitioner is sixty-eight years old, and states that he is possessed of good moral character, and has conducted himself in a proper manner during the time since his disbarment and continues to do so. He further states that he possesses the competency necessary for readmission to the practice of law. He states that no funds from the Oklahoma Bar Association Client Security Fund have been paid out as a result of his actions.

The evidence shows that petitioner was vice-president of Communications & Telephone Systems, Inc., in 1983—1984, until the corporation was dissolved due to physical problems encountered by the president of the corporation, and that from 1984 to the present, petitioner has not been employed.

Petitioner testified that he had been regularly attending Alcoholics Anonymous since 1983. In 1989 petitioner was arrested twice within one week for DUI, and pled guilty. Petitioner committed himself to a rehabilitation clinic in Arkansas for thirty days. The General Counsel for the Oklahoma Bar Association, while acknowledging the Bar's general feeling in favor of reinstatement where rehabilitation has been had, did not recommend reinstatement in this case because petitioner had failed to prove by clear and convincing evidence that he has been rehabilitated, and because there is some question as to whether petitioner has maintained his competence in the law.

The matter was heard by two lawyer-members of the Professional Responsibility Tribunal; the presiding master recommended reinstatement be denied, the lawyer-member recommended that petitioner be reinstated with the stipulation that he be subject to the supervision of the Lawyers Helping Lawyers Committee of the Oklahoma Bar Association.

■ The review by this Court is de novo. *State ex rel. Oklahoma Bar Association v. Brewer,* 794 P.2d 397 (Okla.1989). Rule 11.5, Rules Governing Disciplinary Proceedings, sets out the prerequisites for reinstatement. The requirements include findings of good moral character sufficient to entitle petitioner to be admitted to the Oklahoma Bar Association, findings that petitioner has not engaged in any unauthorized practice of law during his disbarment, and findings that he possesses the competency and learning in the law required for admission. He must either take and pass the bar examination or show by clear and convincing evidence that he has continued to study and has kept himself informed as to current developments in the law sufficient to maintain his competency. A petitioner must establish affirmatively that if his suspension is removed, his conduct will conform to the high standards required of a member of the Bar. *Matter of Reinstatement of Kirk,* 804 P.2d 443, 444 (Okla.1990). Reinstatement is not automatically granted on evidence that the applicant has engaged in only proper conduct, even where no contrary evidence is presented. *Matter of Reinstatement of Cantrell,* 785 P.2d 312, 313 (Okla.1989). The standard of proof for reinstatement is by clear and convincing evidence. *Kirk, supra at 444.*

■ The Bar Association's and the presiding master's reasons for not recommending reinstatement were based primarily upon the original nature of applicant's offense and the lack of clear and convincing evidence of rehabilitation. In *Matter of Reinstatement of Kamins,* 752 P.2d 1125, 1130 (Okla.1988) we listed six factors considered by the Court in reinstatement proceedings. Seriousness of the original offense is one of the factors to be considered, and extent of rehabilitation is

another. Our rules require that an applicant be possessed of good moral character to be admitted to the bar; for readmission the standard is stronger. Many different kinds of testimony have been elicited in showing rehabilitation, such as employment history, rebuilding of family and professional life, involvement in community activities, and the extent of continuing education or law-related work.

■ When questioned by the Bar as to why he had not worked since 1984, petitioner explained that having a record and being disbarred made it almost impossible to find work. It does not appear, however, that Mr. Hanlon actively sought employment. Petitioner is not in a regular program at AA at this time. Petitioner states that he occasionally attends meetings. Mr. Hanlon testified that the motivating factor for his application for reinstatement was because he is "flat broke" and that he waited almost five years beyond the time he first could have applied for readmission in order to be sure that he was off of alcohol and that he "had his head on straight."

As noted above, we have considered various factors in permitting reinstatement. In *Matter of Reinstatement of Crabtree*, 793 P.2d 296 (Okla.1990), the applicant was reinstated after a five-year suspension resulting from a federal conviction for income tax evasion for which he received a three-year sentence. During the suspension period, applicant had worked as a paralegal, had attended CLE seminars, had repaid the taxes owed, plus penalty and interest. There was testimony that his attitude and methods had changed for the better; that he had sought an accountant and a tax attorney to help avoid such problems in the future and that he had been active in church and civic activities. The Professional Responsibility Tribunal unanimously recommended reinstatement. *See also, In the Matter of Reinstatement of Cantrell, supra*, where there was testimony as to changes in the applicant's personal and professional life and that he had attended 44 hours of CLE and had worked for approximately three years at a law firm doing legal research and investigation.

Here there is a paucity of evidence as to Petitioner's conduct since the time of his disbarment showing rehabilitation. Petitioner and his witnesses testified that his problems arose from alcohol abuse. The witnesses spoke favorably of applicant's moral character and legal abilities, pointing out that he had been at the top of his profession in the area of criminal law. However the majority of the witnesses had had very little contact with Mr. Hanlon since his disbarment and testified primarily as to his former legal abilities, not as to his rehabilitation or his personal conduct. Disturbing also, was Mr. Hanlon's own testimony concerning his voluntary commitment to the alcohol rehabilitation program:

> "I did the thirty days in Little Rock and I thought that might appease the courts and everybody that, you know, maybe I was on the road to recovery, but it ended up I still got ninety days...."

In addition, petitioner has failed to show by clear and convincing evidence that he has maintained his knowledge and competency in the law. Petitioner has not attended any Continuing Legal Education courses and has not kept up subscription to the Bar Journal. Petitioner has written some briefs for other attorneys and stated that he occasionally studied legal issues in the law library. Applicant stated that the reason he has not attended CLE courses is due to the cost. Petitioner showed that he has remained informed in the criminal law area, but aside from some brief-writing, he has not worked in a law-related job.

Rule 11.4, Rules Governing Disciplinary Proceedings, provides that an applicant for reinstatement must establish affirmatively that, if readmitted, applicant's conduct will conform to the high standards required of a member of the Bar. Considering all the requirements for reinstatement and considering the heavy burden on a petitioner to prove by clear and convincing evidence, we find that reinstatement should be denied. The

Oklahoma Bar Association has filed application for costs to be assessed against the petitioner. Under the evidence presented in this case the application is denied.

**PETITION FOR REINSTATEMENT DENIED.**

HODGES, C.J., LAVENDER, V.C.J., and OPALA, ALMA WILSON and WATT, JJ., concur.

SIMMS and SUMMERS, JJ., not participating.