In the Matter of the REINSTATEMENT OF Burl Allen PEVETO, Jr. To Membership In the Oklahoma Bar Association and To the Roll of Attorneys.

SCBD No. 3879.

Supreme Court of Oklahoma.

April 26, 1994.

**ORDER**

LAVENDER, Vice Chief Justice.

On October 20, 1986, this Court issued an order disbarring Burl Allen Peveto, Jr. (Peveto/attorney), from the practice of law and striking his name from the Roll of Attorneys. Peveto, who had previously been suspended from the practice of law for one year, was charged in a ten count complaint with serious violations of the Code of Professional Responsibility including: trust violations, neglect, incompetence, conflict of interest, misrepresentation, and failure to cooperate with the Oklahoma Bar Association in its investigation of the complaints. The order of disbarment specifically provided that any application for reinstatement would be conditioned upon the payment of all judgments against him obtained in civil actions by clients named in the ten counts of the bar complaint, and the costs in case No. SCBD 3304. Although Peveto did not comply with the Court's order concerning either payment of the judgment or costs, he filed for reinstatement on December 22, 1992. Because of requests for extensions of time by Peveto, the Oklahoma Bar Association, and the trial panel, this proceeding was not ripe for disposition until March 19, 1994.

Upon a *de novo* review of the transcript of the proceedings before the professional responsibility tribunal, the tribunal's report and recommendation, and the briefs of the parties, THE COURT FINDS THAT:

1) On October 20, 1986, the Court issued an order disbarring Peveto from the practice of law and striking his name from the Roll of Attorneys. Discipline was entered as a result of a ten count complaint alleging serious violations of the Code of Professional Responsibility. Reinstatement was specifically conditioned upon payment of all judgments entered against Peveto obtained in civil

actions by clients named in the ten counts of the complaint. The order provides in pertinent part:

" . . . The respondent stands disbarred as a licensed legal practitioner in the State of Oklahoma; any future effort for his **reinstatement stands specifically conditioned upon the payment of all judgments against him obtained in civil actions by the clients named in the ten counts of the amended complaint,** together with all costs of this proceeding, accrued or accruing. . . ." (Emphasis supplied.)

2) On January 12, 1988, Peveto was convicted of conspiracy to violate 21 U.S.C. § 846 by conspiring with others to possess, manufacture, and distribute amphetamine/methamphetamine, a Schedule II controlled dangerous substance. Peveto was sentenced to serve fifteen years in prison. He actually served sixty months and four days in custody, and he is currently on parole.

3) After Peveto moved to be reinstated pursuant to Rule 11.1, Rules of Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A., a hearing was held before the tribunal on March 18, 1993. On November 23, 1993, the tribunal recommended that Peveto's application for reinstatement be denied. The recommendation was premised upon the fact that neither the repayment of judgments against Peveto nor the costs in the original proceeding had been paid. Additionally, the tribunal found that Peveto did not provide clear and convincing evidence that he had conformed to the high standards required of a member of the Bar seeking reinstatement. The tribunal also recommended the imposition of costs. The Oklahoma Bar Association supports the tribunal's recommendation. Although Peveto attempts to excuse his failure to repay the judgments, he does not assert that the judgments or the costs have been satisfied.

4) In reinstatement proceedings, this Court does not sit in review of the tribunal's recommendations. Instead, we exercise our exclusive original jurisdiction in matters involving the licensing of attorneys. *Matter of Reinstatement of Floyd,* 775 P.2d 815–16 (Okla.1989); *Matter of Reinstatement of Kamins,* 752 P.2d 1125, 1129 (Okla.1988). The recommendations of the tribunal are merely advisory in nature. *Matter of Kamins,* supra; *Application of Sharpe,* 499 P.2d 406, 409 (Okla.1972). This Court is ultimately responsible for reviewing *de novo* the facts to determine whether reinstatement is warranted. *Matter of Reinstatement of Smith,* 871 P.2d 426, 427 (Okla.1994); See also, *Matter of Reinstatement of Hanlon,* 865 P.2d 1228 (Okla.1993) and *Matter of Reinstatement of Elias,* 759 P.2d 1021, 1026 (Okla.1988).

5) Peveto was disbarred. His reinstatement is not automatic. He must meet the requirements of Rule 11, Rules of Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A. In reinstatement proceedings, the applicant seeking readmission is required to present stronger proof of qualifications than a person seeking admission in the first instance. Rule 11.4, Rules of Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A; *Matter of Reinstatement of Katz,* 847 P.2d 1385–86 (Okla.1992).

6) It is uncontested that: a) the Court's order conditioned any application for reinstatement filed by Peveto upon repayment of judgments entered against him and repayment of the costs of the original proceeding; b) he has failed to make a good faith effort to repay the judgments or costs in compliance with the order of the courts; c) after Peveto was disbarred, he was convicted of conspiring to possess, manufacture, and distribute a controlled dangerous substance.

7) Before a lawyer may be readmitted to the Bar, the welfare of the public and the legal profession must be considered. Peveto's felony conviction, coupled with his failure to meet the conditions initially imposed for his reinstatement, preclude his reinstatement. The seriousness of his criminal action and the adverse impact upon the public militate against it. *Matter of Reinstatement of Smith,* supra, 871 P.2d at 429.

8) Reinstatement is denied. Costs in the amount of $1,350.00 are imposed. Rule 11.1(c), Rules of Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A. Payment shall be made within 90 days of the date of this order.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the attorney's application for reinstatement be denied. Costs in the amount of $1,350.00 are imposed. Payment shall be made within 90 days of the date of this order.

All Justices concur.