2004 OK 95

In the Matter of the REINSTATEMENT of: Burl Allen PEVETO, Jr. to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.

No. 4361.

Supreme Court of Oklahoma.

Dec. 14, 2004.

Gary A. Rife Perry, Rife, Walters & Sullivan, Oklahoma City, OK, for the Petitioner.

Dan Murdock, General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for the Respondent.

HARGRAVE, J.

¶ 1 Petitioner, Burl Allen Peveto, was admitted to the Oklahoma Bar Association (OBA) in September 1970. Peveto was previously suspended from the practice of law by this Court for one year in *State ex rel. Oklahoma Bar Ass'n v. Peveto*, 1980 OK 182, 620 P.2d 392. Peveto, again seeks reinstatement from the discipline imposed in *State ex rel. Oklahoma Bar Ass'n v. Peveto*, 1986 OK 68, 730 P.2d 505. In this matter, this Court, in its order of disbarment found:

The respondent was charged in ten counts with serious violations of the Code of Professional Responsibility, together with an added allegation for enhancement of discipline based on respondent's previous one-year suspension from the practice of law. The amended complaint of April 25, 1986 charges trust violations, neglect, incompetence, conflict of interest, misrepresenta-

tion and failure to cooperate with the Oklahoma Bar Association in the investigation of the respondent's breaches of professional discipline to be reached here for adjudication.

*State ex rel. Oklahoma Bar Ass'n v. Peveto* 1986 OK 68, ¶ 2, 730 P.2d 505.

¶ 2 Furthermore, this Court, in its order of disbarment, placed strict conditions for reinstatement:

[A]ny future effort for his reinstatement stands specifically conditioned upon the payment of all judgments against him obtained in civil actions by the clients named in the ten counts of the amended complaint, together with all costs of this proceeding, accrued or accruing.

*State ex rel. Oklahoma Bar Ass'n v. Peveto* 1986 OK 68,¶ 6, 730 P.2d 505.

¶ 3 Subsequent to Peveto's disbarment, he was convicted and found guilty in the United States District Court of the Eastern District of Oklahoma of Conspiracy with Others to Manufacture, Possess with Intent to Distribute and Possess with Intent to Manufacture amphetamine/methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, § 846 and was committed to the custody of the Federal Bureau of Prisons for a period of fifteen (15) years. Peveto was discharged from prison after serving sixty (60) months and was placed on parole on July 13, 1992. He was released from parole status on February 8, 1995.

¶ 4 On April 26, 1994, this Court entered an order denying Peveto's first petition for reinstatement. In that former order, the Court found that Mr. Peveto failed to comply with the disbarment order in that he failed to pay either the judgments or costs. *Matter of Reinstatement of Peveto,* 1994 OK 44, 880 P.2d 331. In that order, this Court stated at ¶ 7:

Before a lawyer may be readmitted to the Bar, the welfare of the public and the legal profession must be considered. Peveto's felony conviction, coupled with his failure to meet the conditions initially imposed for his reinstatement, preclude his reinstatement. The seriousness of his criminal action and the adverse impact upon the public militate against it.

¶ 5 Since the time of Peveto's release from the custody of the Federal Bureau of Prisons, he has done much to better himself and to remove himself from the world of drug addiction. Mr. Peveto worked for Don Ed Payne as an investigator in his law office, the McCurtain County Assessors Office, and presently, as a law clerk with the law firm of LeForce & McCombs of Idabel, Oklahoma. His job duties with the law firm involve administration, investigation, legal research and writing. Mr. Peveto, by all accounts, has not engaged in the unauthorized practice of law since his disbarment. Several witnesses testified as to his employment history, describing him as conscientious and hard working.

¶ 6 Mr. Peveto also has addressed his past problems with drug addiction. By all accounts, Mr. Peveto has been successful in maintaining sobriety for over a decade. He has made presentations to various groups regarding his drug abuse and its effects. Since 1997, he has voluntarily submitted to private random chemical screening tests as proof of his sobriety. These tests show that he has not used drugs. Mr. Peveto also has the support of many non-lawyers and fellow attorneys as well as sitting Judges who testified as to their belief that Mr. Peveto now shows the proper character needed as a member of the Bar. However, another Judge and other attorneys have stated that he does not have the present moral fitness to practice law.

¶ 7 Mr. Peveto has also kept in close contact with the legal profession and the law. His present employment has required him to keep abreast of the law. He has also attended many seminars and programs totaling more than 67 hours of continuing legal education. Mr. Peveto has also satisfied the requirement the Court imposed regarding paying costs of previous disciplinary proceedings.

¶ 8 Mr. Peveto, however, has not fully satisfied the civil judgments against him. In one matter, he had judgment entered against him in the amount of $21,773.57. At the time of the hearing, he had paid $10,000.00 toward

that judgment. Another judgment against him was in the amount of $23,894.92. Mr. Peveto has made payment of $2,742.82 toward that judgment. Mr. Peveto also made a payment of $5,000.00 to another party. There was no indication from the record that this was related to a civil judgment entered against him.

¶ 9 This Court exercises original and exclusive jurisdiction in bar reinstatement proceedings. *In re Reinstatement of Brown,* 1996 OK 95, ¶ 14, 925 P.2d 44, 49. Although the Professional Responsibility Tribunal's (PRT) recommendations are not disregarded, they are advisory only, inasmuch as this Court exercises de novo review. *Id.*

¶ 10 Rule 11.4 of the Rules Governing Disciplinary Proceedings, Oklahoma Statutes, Title 5, Ch. 1, App. 1–A (1991) (RGDP), sets out the standards for reinstatement. Rule 11.4 states:

> An applicant for reinstatement must establish affirmatively that, if readmitted or if the suspension from practice is removed, the applicant's conduct will conform to the high standards required of a member of the Bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement. The burden of proof, by clear and convincing evidence, in all such reinstatement proceedings shall be on the applicant. An applicant seeking such reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant. Feelings of sympathy toward the applicant must be disregarded. . . .

¶ 11 Rule 11.5 of the RGDP requires the PRT to make specific findings regarding: (1) "[w]hether or not an applicant possesses the good moral character which would entitle him to be admitted to the Oklahoma Bar Association," (2) "[w]hether or not an applicant has engaged in the unauthorized practice of law during the period of suspension," and (3) "[w]hether or not an applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma, . . ."

¶ 12 The PRT, in the instant case, is of the opinion that Mr. Peveto does in fact possess the proper moral character to be admitted to the Bar. They found that Mr. Peveto has kept abreast of the law and presently possesses the competency and learning in the law necessary for admission. The Tribunal also found that Mr. Peveto had not engaged in the unauthorized practice of law, but that he had assisted his employers in many legal matters. The PRT also noted that Mr. Peveto had done much in helping others with drug addiction.

¶ 13 In the present matter, Mr. Peveto has shown that he has made great strides in righting his previous wrongs. We take notice of the effort Mr. Peveto has made to better himself. His transformation is commendable. Mr. Peveto's long absence from legal practice is also a serious issue. However, this issue will not be addressed as the original disbarment order plainly stated Mr. Peveto must make full payment on the judgments entered against him before he may be considered for reinstatement. He has failed in this regard. Reinstatement is denied. Costs in the amount of $2,478.20 are imposed. Payment shall be made within 90 days from the date this opinion becomes final.

**REINSTATEMENT DENIED PETITIONER ORDERED TO PAY COSTS.**

¶ 14 CONCUR: WATT, C.J., LAVENDER, HARGRAVE, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, JJ.

¶ 15 NOT VOTING: KAUGER, J.